IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

    Plaintiff,

    VS                                        Criminal Case No. 8:19-Cr-00309

Yolanda Herrera

                                United States District Judge
    Defendant.                      Honorable Steven D. Merryday

## MOTION FOR REDUCTION SENTENCE
## PURSUANT TO TITLE 18 U.S.C. SECTION 3582(C)(2)

Comes Now, Yolanda Herrera, the undersigned Pro se Defendant, and files this motion for a reduction of sentence based on the retroactive Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G"), pursuant to 18 U.S.C Section 3582(c)(2), which allows this Court the discretion to reduce a federal criminal defendant's sentence imposed under U.S.S.G. Section 4A1.1(d). In Support of this Court granting this motion, defendant states as follows based in law and fact.

    Ms.. Herrera was convicted by way of a plea of guilty for Conspiring to distribute and possess with intent to distribute 500 grams or more of Methaphenamie And One kilogram or more of Heroin , in violation of 21 U.S.C. Section(s) 846,841(b)(1)(A)(i) & (viii) in Count One; and attempted possession with intent to distribute 21 U.S.C. Section 841(b)(1)(A)(i) & (viii) in Count Two.

    At sentencing Ms. Herrera was assigned a ciminal history category (CHC) score of III with an offense level of 40, which resulted in a sentencing range under the guidelines of 360 months to life imprisonment. However, after hearing arguments from the parties regarding the sentence that should be imposed, this Court downwardly departed from the recommended sentencing range and imposed a sentence of 264 months on both counts to run concurrently. Ms.. Herrera is currently serving the sentence imposed and has a projected release date of 06-16-2038

    Ms. Herrera now moves this Honorable court for a reduction in the sentence imposed based on the retroactive Amendment 821, which allows this court to reduce her sentence by removing the "status points" she received under U.S.S.G Section 4A1.1(d). This is because the sentencing Commission, it determined that after its "studies regarding the nature of the criminal history of federal offenders...[its] amendment makes targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (common known as 'status points') (See Amendments To The Sentencing Guidelines, May 1 2023 pp. 49-50; hereafter, :Amdmts.

    The changes relevant to this defendant involves the redesignation of Section 4A1.1(d) to Section 4A1.1(e), the latter of which now states, that

        "Add 1 point if the defendant (1) receives 7 or more points under subsection (a) through (d) and (2) committed the offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status".

(id., p43). Consequently in the "Part A-- Status Points"section, these changes also included in "{t}he amendment limits [to] the overall criminal history impact of "status points' in two ways, First, as revised the "status points" provision under redesignated subsection (e)applies only to offenders with more serious criminal histories under the guidelines by requiring that an offender have seven or more criminal history points under subsections (a) through(d) in addition to having been under criminal history points under subsections (a) through (d) will no longer receive "status points" assessed for offenders to whom the revised provision applies,"(id.,p 50). Given that Ms.. Herrera assigned a CHC score III, she does not qualify for the 1 point decrease under redesignated Section 4A1.1(e); however, as recognized by the U.S Sentencing Commission she should receive a two-point decrease since she "would no longer" be subject to an increase under the retroactive guideline. (see Id). Taking into full consideration the "Reason For Amendment" states in pertinent part,that:

    "Offenders with six or fewer criminal history points under subsection (1) through (d) will no longer receive 'status points".

    (Id.) Therefore, the retroactive status points Amendment 821 should apply with equal force to Ms. Herrera even though she id not receive "7" or more" CHC points when application of the amendment is enshrined in the "Reasons For Amendment"

which is quoted above, and should stand on equal footing as the "7 or more " CHC points. Certainly, construing the use of amendment 821 in this manner is consistent with the guideline commentary's language which states, that "[t]he amendment limits the overall criminal history impact of 'status points in two ways."(Id).

Pursuant to statue, a "court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the application policy statement issued by the Sentencing Commission." 18 U.S.C Section 3582(c)(2). Moreover, U.S.S.G Section 1B1.10 is the guideline policy statement which implements Section 3582(c), and this policy statements lists amendments that are covered and Amendment 821 have come into effect on November 1 2023. Even assuming, the Sentence Commission has suggested treat Amendment 821 should go into full effect February 2024, this Court can proceed by offering the government to file any response it may have concerning Ms.. Herrera request prior to the extended effective date of the amendment.

Significantly, based on the Amendment 821 this Court should reduce Ms.. Herrera's sentence in light of this Court's discretionary authority and its previous downward variance from the original recommended sentencing guideline range. (See Sentencing Transcripts, p. 8) (stating the "advisory guideline range ... is ....360 to life")(id.,p.30)(court imposed a sentence of 264 months). This is because considering treat the Court effectively decreased Ms.. Herrera's original guideline range by 2 levels from the level 40 with a guide range of 360 to life, to a level 38 (spanning 235 months to 293 months) at the top to level 37(spanning 210 to 262) on the bottom end of the offense level, suggest that the Court determined the appropriate sentence during the original sentence which was sufficient at the time. Consequently, now with the current retroactive changes it is reasonable to surmise that this Court not only has the discretion to reduce Ms.. Herrera's sentence, but more importantly would have done so at the time of the original sentence has Amendment 821 been in effect.

Applying the Section 3553(a) factors as this Court must, it may consider lowering Ms.. Herrera's guidelines commensurate with its original departure after a CHC reduction under retroactive Amendment 821, since under the advisory guidelines range the Supreme Court described that the "overarching provision" in Section 3553(a) is the requirement that courts" 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals for sentencing." Kimborough v. United States , 128 S. Ct. 558, 570)2007); se also , United States v. Santos, 310 Fe3d. App. 341, 343(11th Cir. 2009)

In Sum, the Court should reduce defendant Herrera's sentence based on her having less than seven (7) criminal history points given the retroactive Amendment 821 eliminating her status points, after consideration of the Section 3553(a) factors as applicable to her case before the court.

Wherefore, this Pro se Defendant prays this Honorable Court grant this motion and reduce the previously imposed sentence, and grant any and all other relief it deems just proper in the interest of fairness and justice.

Respectfully submitted,

Ms.. Yolanda Herrera
Pro se Defendant
Reg.01631180
FCI Dublin
5701 8th St Camp Park
Dublin Ca, 94568

CERTIFICATE OF SERVICE BY MAIL

I hereby certify that a true and complete copy of the foregoing has been given to prison officials, first class postage prepaid, and sent to Office of the U.S. Attorney for the Middle District of Florida located at 400 N. Tampa St. Ste. 3200 Tampa Florida, 33602 On this 31st day of December 2023 pursuant to 28 U.S.C Section 1746

Honorable Judge     Dec 31, 23
Merryday

    I am writing to you with all respect and hope that you may take the time to read this humble letter. I am Yolanda Herrera Case # 8:19-CR-309-T-23CPT sentenced out of your court on Feb 22, 2021 to 267 months. Since that day my life has changed and all has been effected by my actions. Like I once said I truely appoligize to the comunity, to you and the United States, to my Family.

    Now at age 46 my life has hit rock bottom for everything that led me to this sentence and relapse. But I do want you to know that my peorspective on Drugs have changed for Good.

    I have seen on first hand what drugs do to people, how there life is ruined, how they loose everything, morals, kids, respect everything, I never knew or saw any of this, But now I have meet wonderful ladies with great talents thrown away by bad choices and drugs, I have became close to so many and have seen how they leave

and come back, But others aren't that leucky they pass away.

I got attched to three wonderfull young ladies to who I was close and would see dailey till there relerise date only to find out days later they overdosed and died. all thes has tramitezed me as a mother as a human beeing to the point I got severaly depressed, because I felt guelty that in some way I contribute to this.

There are choices and I have choosen a bad one, wheen now every day of my life setting in this presion auway from a beatifull life, keds, mother comienety is long gone. But I have had and used thes time to better myself to educate myself and to stay away from everytheng inceuding drugs. It has been so hard emotionally with all yes encounters that I have been threw, I have lost 5 famely members in the worst ways ever. That it self has tracematized me and my kids, one is inceuding there dad wheen died a year ago. I truelly appolegeze for everytheng I have done, the hurt the paen, I have no

words to describe my sorrow and shame for all this. But as human beings we all make mistakes, I understand there are consequences to everything, and like a soldier I will be at a front line and have fate take its toll. All I want you to know is I am sorry for everything, I say it with tears and holding my heart.

Forgive me your Honor, I am ashamed for everything, I hope one day the community, you, my family will have faith in me that I can do good, live a legit legal life and that there are still some of us that are good people with bad choices But that have learned our lessons.

Thank you your Honorable Judge for taking the time to Read this

Respectfully yours
Yolanda Armas

# CERTIFICATE of ACHIEVEMENT

THIS ACKNOWLEDGES THAT

## Y. HERRERA

HAS SUCCESSFULLY COMPLETED THE

## HEALTHIER ME IN THE BOP

JULY 7, 2021        L. JACKSON, RECREATION SPECIALIST

# Certificate of Completion

## Yolanda Herrera

*has successfully completed 10 hours of*

### Adult Continuing Education

## Temperature Injury First Aid

*FCI Tallahassee, Florida*



January 20, 2022

_____
J. Pineirovigo    ACE Coordinator

# CERTIFICATE OF ACHIEVEMENT



This certificate has been awarded to

*Yolanda Herrera*

for successful completion of *Anger Management* at FCI Tallahassee

R. Eubanks, M.A. *Reubanks*

# Vocational Training
# Building Trades Core

This Certificate is awarded to

# Yolanda Herrera

for satisfactorily completing the occupational competencies required by the National Center for Construction Education and Research (NCCER) and approved by the Vocational Trade Advisory Board.

Issued on this
14th day of June 2022

*Occupational Competencies*
*On reverse side*

Certificate Number: BTC 116
Tallahassee, Florida

A. Bush, Vocational Instructor/ Master Trainer

# CERTIFICATE *of* ACHIEVEMENT

THIS ACKNOWLEDGES THAT

## Yolanda Herrera

HAS SUCCESSFULLY COMPLETED

### *Threshold*

On December 27, 2022

### At FCI Tallahassee

*In participation with Religious Services*

SIGNED, Rev. *Mark Rummel*, Chaplain

# CERTIFICATE *of* COMPLETION

THIS ACKNOWLEDGES THAT

## Yolanda Herrera

HAS SUCCESSFULLY COMPLETED

## *Assert Yourself*

On May 9, 2023

At FCI Tallahassee in Tallahassee, FL

*P. Green*

P. GREEN
SPECIAL POPULATIONS PROGRAM COORDINATOR

# CERTIFICATE *of* COMPLETION

THIS ACKNOWLEDGES THAT

## Yolanda Herrera

HAS SUCCESSFULLY COMPLETED

## *Women's Relationships*

On June 12, 2023

At FCI Tallahassee in Tallahassee, FL

*[signature]*

P. GREEN
SPECIAL POPULATIONS PROGRAM COORDINATOR

# CERTIFICATE *of* COMPLETION

THIS ACKNOWLEDGES THAT

## Yolanda Herrera

HAS SUCCESSFULLY COMPLETED

*Parenting – Phase I*

On June 23, 2023

At FCI Tallahassee in Tallahassee, FL

*P. Green*

P. GREEN
SPECIAL POPULATIONS PROGRAM COORDINATOR



# CERTIFICATE *of* ACHIEVEMENT

THIS ACKNOWLEDGES THAT

## YOLANDA HERRERA

HAS SUCCESSFULLY COMPLETED

FCI Recreation Department 12 Week SOCCER Wellness Program

JUNE 30 2023

SIGNED, FCI RECREATION DEPARTMENT
RECREATIONAL SPECIALIST L. JACKSON

# CERTIFICATE *of* COMPLETION

THIS ACKNOWLEDGES THAT

## Yolanda Herrera

HAS SUCCESSFULLY COMPLETED

## *Parenting – Phase II*

On August 3, 2023

At FCI Tallahassee in Tallahassee, FL



P. GREEN
SPECIAL POPULATIONS PROGRAM COORDINATOR

